43 427
125a 681

## JERUSHA VAUGHN, RESPONDENT, v. THE VILLAGE OF PORT CHESTER, APPELLANT.

*Payment of a void assessment under protest—when it will not be deemed a voluntary payment.*

The complaint in this action, brought to recover money paid to the defendant for an assessment for local improvements, alleged that the plaintiff had been compelled to make the payment in order to give a good title to the premises under an agreement which she had made for the sale thereof; that the said assessments were illegal and void, and had been declared so to be by judgments of this court.

*Held,* that as the assessments, although in fact void, were an apparent lien upon the premises, the money in question was paid under a duress of goods which entitled the plaintiff to recover it back from the defendant.

APPEAL from an interlocutory judgment entered upon an order made at the Westchester County Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

The action was commenced January 2, 1886, and was brought to recover from the defendant the sum of $940.20 paid by the plaintiff to the defendant for local assessments imposed on her premises for the grading of Haseco and Irving avenues in the village of Port Chester.

The complaint also asks for judgment that the assessments may be declared illegal and void and be vacated and set aside. The complaint alleged, among other facts, the following : That the defendant is a municipal corporation organized under the laws of this State ; that on the 24th day of January, 1880, the plaintiff, in order to give good title and convey certain real estate in said village of Port Chester, was obliged to and did pay under protest the sum of $940.20, to the defendant for assessments imposed on said premises for the grading of Haseco and Irving avenues, and that she was compelled to pay said sum in order to carry out her agreement to convey to the purchaser, and reserved the right to sue for and recover the amount so paid. That said assessments were illegal and void and were subsequently declared illegal and void by judgments of this court ; that the plaintiff before the commencement of this action demanded the return of the money so paid, and defendant refused to pay the same.

*Maurice Dillon*, for the appellant.

*Wilson Brown, Jr.*, for the respondent.

BARNARD, P. J. :

The money in question was obtained by what is legally known as duress of goods. The village had worked and graded two of the avenues of the village, Haseco and Irving avenues. The corporate power to impose an assessment on the plaintiff's lands therefor, was exceeded, and the assessment attempted to be imposed was illegal and void. The assessment remained an apparent lien on the land, and, under this condition of the facts, the plaintiff agreed to sell her land free of incumbrance. The purchaser refused to take title, and the plaintiff was compelled by the defendant to pay the assessment or to pay damages for breach of covenant to the purchaser. The assessment was paid by the plaintiff to the defendant and received, under the plaintiff's protest that the tax was illegal

and void, and that she would sue to recover the same. The pay-ment was not a voluntary one. "To constitute a voluntary payment the party paying must have the freedom of exercising his will. When he acts under any species of compulsion, the payment is not voluntary. If a party has in his possession goods or other property belonging to another, and refuses to deliver such property to that other unless the latter pays him a sum of money which he has no right to receive, and in order to obtain possession of his property he pays that sum, the money so paid is a payment made by com-pulsion and may be recovered back." (*Scholey* v. *Mumford*, 60 N. Y., 498.) This principle covers the facts in this case.

The defendants held a void lien on the plaintiff's property, and used it to obtain, against the plaintiff's will, the amount thereof, or to subject her to a loss of the sale of her property, and, perhaps, to an action upon the covenant for a clear title. Under these circumstances equity will not justify a retention of the money.

Order and judgment affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer to plaintiff's complaint, and judgment thereon, confirmed.